```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division


SEAN SILCOX,                  )
                              )
     Petitioner,              )
                              )
          v.                  )    CRIMINAL NO. 1:04cr73
                              )    CIVIL NO. 1:06cv334
UNITED STATES OF AMERICA,     )
                              )
     Respondent.              )
```

## <u>M E M O R A N D U M   O P I N I O N</u>

This matter is before the Court on Petitioner Sean Silcox's ("Petitioner") Motion to Reopen his petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### I. Background

On October 18, 2004, Petitioner pled guilty to conspiracy to knowingly and unlawfully distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On March 25, 2005, this Court sentenced Petitioner to 120 months of incarceration and five years of supervised release with a special condition relating to substance abuse testing and treatment.  Petitioner did not appeal his conviction or sentence. On March 27, 2006, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Petitioner claimed ineffective assistance of counsel based on his counsel's alleged failure to file a direct appeal of Petitioner's sentence

and conviction, despite Petitioner's insistence that counsel do so.

Subsequently, on May 25, 2006, Petitioner filed a letter with this Court requesting that his Section 2255 motion be withdrawn "[b]ased on and due to the negative effect it will have on [his] case and the Rule 35 motion in which [he is] entitled to receive [sic]." On June 1, 2006, this Court granted that motion. On July 20, 2006, the Government moved to reduce Petitioner's sentence under Rule 35(b) of the Federal Rules of Criminal Procedure based on Petitioner's cooperation with the Government regarding other investigations and prosecutions. Petitioner joined the Government's request in a response dated August 10, 2006, and this Court granted the Rule 35(b) motion on August 11, 2006. As a result, Petitioner's sentence was reduced to 75 months of incarceration, with all other provisions of the original judgment remaining the same. This Court, in its Order, also recommended that Petitioner be transferred to Morgantown, West Virginia, to participate in a 500 hour intensive drug treatment program. On November 16, 2006, Petitioner filed the instant Motion to Reopen his Section 2255 petition.

## II. Analysis

Section 2255 provides that a federal district court must dismiss any 2255 petition that is filed more than one year after the date on which: (1) the judgment of conviction becomes

final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence. *See* 28 U.S.C. § 2255. A petitioner must demonstrate that the petition was timely filed under Section 2255 or that the circumstances are such that his untimely petition may be salvaged by equitable tolling principles. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002)(requiring district courts to furnish habeas petitioners an opportunity to provide facts contesting the application of the statute of limitations); United *States v. Sexton*, 56 Fed. Appx. 202 (4th Cir. 2003)(applying *Hill* to a § 2255 Motion).

     The one-year statute of limitations begins to run on the date on which a petitioner's judgment of conviction becomes final. Because Petitioner did not file a direct appeal, his judgment of conviction became final on March 29, 2005, the date on which judgment was entered. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (holding that where a defendant does not file a direct appeal, his conviction becomes final on the date on which the district court enters the judgment of

conviction). Petitioner filed his initial Section 2255 petition on March 27, 2006, within the one-year limitation period. Petitioner then voluntarily withdrew his petition based on the negative effect it would have on his Rule 35(b) sentence reduction. He filed the instant motion on November 16, 2006, over one year and seven months after his judgment of conviction became final, well outside the one-year limitation.

The Government raised the issue of timeliness in its response to Petitioner's motion. *See* Government's Resp. at 2-3. Petitioner acknowledged the Government's argument in his own response. *See* Petitioner's Resp. at 1. However, in the remainder of his response, Petitioner cited cases and made arguments regarding an unrelated issue: why his petition was not successive. *Id.* at 2-4. Generally, *Hill v. Braxton* and *United States v. Sexton* only require a district court to provide a petitioner an opportunity to respond to the potential dismissal of his petition on timeliness grounds when the court raises that issue *sua sponte*. *See Hill*, 277 F.3d at 707; *Sexton*, 56 Fed. Appx. 202. Here, the issue of timeliness was raised by the Government and the Petitioner had an opportunity to respond. Although Petitioner acknowledged the government's argument, he nevertheless made an argument regarding an irrelevant issue – perhaps due to his misunderstanding of timeliness. To ensure fairness to Petitioner, on October 18, 2007, this Court ordered

Petitioner to show cause within 30 days of the Order as to why his petition should not be dismissed as untimely or risk having his petition dismissed under Fed. R. Civ. P. Rule 41(b).

As of December 7, 2007, Petitioner has not filed a response, which is now 20 days overdue. In addition, the Court finds that there is no reason why any date other than March 29, 2005 – the date this Court entered judgment on Petitioner's underlying conviction – should constitute the start date for the statute of limitations period. Furthermore, while equitable tolling can apply to Section 2255 petitions, it is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). While Petitioner withdrew his original 2255 petition on the belief that it would improve his prospects for relief under the Government's Rule 35(b) motion, he made that choice voluntarily. Therefore, the Court finds no circumstances that warrant extension of the statute of limitations under the doctrine of equitable tolling. Even if the limitations period were tolled for the roughly two months that Petitioner's original 2255 petition was pending before it was withdrawn, as well as from the time it was withdrawn to the time this Court granted the Government's Rule 35(b) motion, over a year and three months

-5-

would still have elapsed between entry of judgment and this motion.  Thus, because Petitioner's 2255 petition is untimely by any measurement, the Court will deny Petitioner's Motion.

### III. Conclusion

For these reasons, the Court will deny Petitioner Sean Silcox's Motion to Reopen his petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

An appropriate Order will issue.


December 7, 2007                    _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE